**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| United States of America,<br><br>v.<br><br>Alan Hostetter, *et al.*,<br><br>Defendants. | Case: 1:23−mc−00108<br>Assigned To : Lamberth, Royce C.<br>Assign. Date : 9/29/2023<br>Description: Misc.<br><br>Criminal Action No. 21-00392 (RCL)<br><br>Honorable Royce C. Lamberth |

## APPLICATION FOR ACCESS TO TRIAL EXHIBITS

Pursuant to Local Criminal Rule 57.6 and Standing Order No. 21-28, applicants Conrad Smith, Danny McElroy, Byron Evans, Governor Latson, Melissa Marshall, Michael Fortune, Jason DeRoche, and Reginald Cleveland ("Applicants") seek access to the exhibits from Defendant Alan Hostetter's July 6-13, 2023 trial in this criminal case. Applicants are United States Capitol Police officers harmed during the January 6, 2021 attack on the U.S. Capitol (the "Attack"). The exhibits that Applicants seek are relevant to Applicants' civil action against Defendant Hostetter, among others, for harming Applicants in the course of the Attack. *See Smith v. Trump*, No. 21-cv-2265 (D.D.C.). Additionally, all the other Defendants in this case are also defendants in Applicants' civil action.

For the reasons stated herein, Applicants respectfully request that the Court order the Government to allow Applicants to access and download all admitted exhibits from the July 6-13, 2023 trial of Defendant Hostetter in the above-captioned matter (the "Trial Exhibits"), including downloadable documentary, photographic, and videographic exhibits. Applicants request access to the Trial Exhibits via the electronic "drop box" solution outlined in Standing Order No. 21-28, which governs public access to video exhibits in criminal cases arising from the Attack.

RECEIVED

SEP 29 2023

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

1

Discovery in Applicants' pending civil case is ongoing, and the Trial Exhibits are relevant to establishing Applicants' claims in that case. Applicants' claims include, *inter alia*, conspiracy to interfere with Congress and U.S. Capitol Police officers by force, intimidation, or threats (42 U.S.C. § 1985(1)); assault; and battery, all based on Defendants' conduct related to the Attack. On July 13, 2023, following a bench trial, the Court found Defendant Hostetter guilty of Conspiracy to Obstruct an Official Proceeding, Obstruction of an Official Proceeding, Entering or Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, and Disorderly or Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon. *See* Dkt. 275 at 17. Like the Applicants' Section 1985(1) claim against Hostetter and the other Defendants of this case, these criminal charges centered on Defendants' conspiracy to obstruct the congressional certification of the 2020 presidential election results. *See* Dkt. 210 at 7-16.

Most, if not all, of the Trial Exhibits remain unavailable on the Court's Case Management/Electronic Case Filing (CM/ECF) system. As members of the public, Applicants have a right to access documents submitted at trial. Accordingly, Applicants request that the Court order the Government to allow Applicants to access and download the Trial Exhibits via an electronic drop box.

In further support of this application, Applicants state as follows.

## LEGAL STANDARD

1.     Local Criminal Rule 57.6 of the United States District Court for the District of Columbia provides that any interested person (other than a party or a subpoenaed witness) "who seeks relief relating to any aspect of proceedings in a criminal case . . . shall file an application for such relief with the Court." The application must include "a statement of the applicant's interest in the matter as to which relief is sought, a statement of facts, and a specific prayer for relief." *Id.*

2.      Standing Order No. 21-28 (the "Standing Order") provides that, to obtain access to video exhibits in a criminal case "arising from the January 6, 2021 violent breach of the United States Capitol (the 'Capitol Cases')," a non-party must file an application under Local Criminal Rule 57.6. Standing Order at 5; *see also In re Press Coal.'s Motion for Access to Video Exhibits & to Set Aside Standing Ord. No. 21-28*, No. MC 21-87 (BAH), 2021 WL 2894647, at *8 (D.D.C. July 2, 2021) (noting the Standing Order "provides mechanisms for public and media access to video exhibits for this Court"). If the application is granted, the Government must make the video exhibits available using a "drop box." Standing Order at 5-6. The judge may further order that the Government permit the non-party to download the video exhibits. *Id.* at 6.

## STATEMENT OF INTEREST

3.      Applicants seek to access and download the Trial Exhibits, which are relevant to their claims in the pending civil case *Smith v. Trump*, No. 21-cv-2265 (D.D.C.).

4.      Applicants are eight United States Capitol Police officers who defended the Capitol from attackers on January 6, 2021. They are plaintiffs in *Smith*, a lawsuit alleging, *inter alia*, that several defendants, including the Defendants in this case, conspired to use force, intimidation, and threats to prevent Congress from certifying the 2020 presidential election results and aided and abetted others in assaulting and battering plaintiffs. *See* Am. Compl. ¶¶ 1–10, 199-210, *Smith*, No. 21-cv-2265 (D.D.C. Dec. 3, 2021), Dkt. 89 (hereinafter "*Smith Am. Compl.*").

5.      On January 26, 2023, the court in *Smith* granted in part and denied in part motions to dismiss by various defendants, permitting the case to proceed to discovery. *See generally* Mem. Op. & Order, *Smith*, No. 21-cv-2265 (Jan. 26, 2023), Dkt. 179. Applicants' claims against Hostetter for conspiracy under 42 U.S.C. § 1985, assault, and battery, among others, survived that motion. *See id.*

6.      The Trial Exhibits are relevant to Applicants' claims in *Smith*. *See, e.g.*, *Tarquinii v. Del Toro*, No. CV 21-1567, 2023 WL 2424618, at *2 (D.D.C. Mar. 9, 2023) ("Relevance is 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any party's claim or defense.'" (citations omitted)). Applicants' Section 1985 claim requires proof of certain agreements between co-conspirators, *see Thompson v. Trump*, 590 F. Supp. 3d 46, 96-97 (D.D.C. 2022) (describing principles of civil conspiracy relevant to Section 1985 claim), which was a fundamental requirement of proving the criminal charges in this case.

7.      Indeed, in finding Defendant Hostetter guilty of Conspiracy to Obstruct an Official Proceeding, the Court concluded that "Mr. Hostetter and Mr. Taylor agreed to return to Washington, D.C. to intimidate Congress into definitively resolving the election in then-President Trump's favor." Dkt. 275 at 3.   The Court credited exhibits of Telegram messages and text messages before, during, and after the Attack (e.g., GX 901-902, 904-905, 907, 923.02, 925); imagery from the Attack (e.g., GX 318, 519); and social media posts (e.g., GX 515, 520-521) as demonstrating the conspiracy between Defendants Hostetter and Taylor to obstruct the January 6 certification proceedings. *See id.* at 4-5. Similarly, the Court cited a string of videos (e.g., GX 308, 309, 310), electronic documents and data (e.g., GX 602.07, 604.05, 604.13), and messages (e.g., GX 908.05, 909.02, 909.05) demonstrating Hostetter's state of mind and purpose, in its findings on the Obstruction of an Official Proceeding charge. *See id.* at 8. The Trial Exhibits are likely to bear on the Defendants' and others' roles in planning, coordinating, and executing the Attack, all of which are relevant to Applicants' Section 1985 claim.

8.      Additionally, the evidence in this criminal case is relevant to Applicants' assault and battery claims, which are based in part on aiding-and-abetting liability. *See Smith*, No. 21-CV-

4

02265 (APM), 2023 WL 417952, at *9 (D.D.C. Jan. 26, 2023) (sustaining aiding-and-abetting assault and battery claims against individual defendants). Aiding-and-abetting liability may involve "acts of assistance as well as words of encouragement" that occur at or prior to the time of the tort. *Halberstam v. Welch*, 705 F.2d 472, 482 (D.C. Cir. 1983). In its ruling as to Defendant Hostetter's Obstruction of an Official Proceeding charge, the Court highlighted how "[b]y joining the riot, exhorting the crowd, standing with a vanguard of rioters making a highly-visible and violent effort to access the inauguration stage, and remaining on the Upper West Terrace for two hours while police attempted to clear out rioters, Mr. Hostetter helped ensure that Congress was under a sufficient security threat requiring adjournment and then an inability to resume the official proceeding that their actions helped to disrupt." Dkt. 275 at 7. The Court noted, "The way these events transpired is evident from security camera footage, body-worn camera footage, photos and videos recorded by Mr. Hostetter, and Mr. Hostetter's own testimony." *Id.* at 7-8. As with the Section 1985 claim, the Trial Exhibits are likely relevant to showing Defendant Hostetter and others' roles in planning, coordinating, and executing the Attack, all of which goes to whether they provided "acts of assistance" or "words of encouragement." *Halberstam*, 705 F.2d at 484. The Trial Exhibits also may show how Applicants were attacked, the intensity of the Attack, and how the attackers cooperated and were aided and abetted by others present during the Attack, all of which may help substantiate Applicants' claims and inform the discovery strategy in their civil action.

9.      Accordingly, the Trial Exhibits are relevant to Applicants' claims in *Smith*.

## STATEMENT OF FACTS

10.     On July 13, 2023, the Court found Defendant Hostetter guilty on Counts One through Four of the Second Superseding Indictment, which charged Hostetter with Conspiracy to

Obstruct an Official Proceeding (Count One, 18 U.S.C. § 1512(k)), Obstruction of an Official Proceeding and Aiding and Abetting (Count Two, 18 U.S.C. §§ 1512(c)(2) and 2), Entering and Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon (Count Three, 18 U.S.C. §§ 1752(a)(1), (b)(1)(A)), and Disorderly and Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon (Count Four, 18 U.S.C. §§ 1752(a)(2), (b)(1)(A)). Dkt. 275 at 2, 6, 12, 15, 17. Specifically, the Court concluded that Defendant Hostetter conspired "to accomplish the common objective of unlawfully obstructing and impeding the Electoral College Certification." *Id.* at 3. The Court's findings included that, as a part of this conspiracy, Defendants Hostetter and Taylor "agreed to travel to Washington, D.C. to intimidate Congress on January 6." *Id.* at 2-3.

11.     The Court also found that on January 6, 2021, Hostetter did actually obstruct an official proceeding and engage in disorderly and disruptive conduct while carrying a dangerous weapon. In particular, the Court held that Hostetter "helped ensure that Congress was under a sufficient security threat" and "actually impeded the ability for law enforcement to regain control of the area." *Id.* at 7, 16.

12.     Applicants' Amended Complaint in their civil action alleges equivalent conduct, by Hostetter and the other Defendants in this case. *See Smith Am. Compl.* at 67, ¶ 168.

13.     During the bench trial, the Court received into evidence Government exhibits relevant to Hostetter's and other Defendants' conduct, including video montages, U.S. Capitol Police CCTV footage, Metropolitan Police Department body-worn camera footage, videos, photographs, electronic documents and data, Telegram and text messages from before, during, and after the Attack, and other documents and records. *See* Dkt. 273.

14.     The Court also received into evidence a Defense exhibit that appears to be relevant to Hostetter's possession of a weapon during the attack. *See* Dkt. 274.

15.     Defendants Hostetter, Taylor, Warner, Martinez, Kinnison, and Mele, are, respectively, the same Hostetter, Taylor, Warner, Martinez, and Kinnison who are defendants in *Smith*.

## ARGUMENT AND PRAYER FOR RELIEF

16.     Applicants are entitled to access the Trial Exhibits under both common law and the First Amendment. "The public's right of access to judicial records derives from two independent sources: the common law and the First Amendment." *In re Press Coal.'s Motion for Access to Video Exhibits & to Set Aside Standing Ord. No. 21-28*, No. MC 21-87 (BAH), 2021 WL 2894647, at *4 (D.D.C. July 2, 2021) (citation omitted). Indeed, "[c]rime victims, just like members of the public, have a general, qualified right to inspect and copy public records and documents, including judicial records and documents." *United States v. Moussaoui*, 483 F.3d 220, 234 n.10 (4th Cir. 2007) (quotation omitted).

17.     There is a "strong presumption in favor of public access to judicial proceedings, including judicial records," under common law. *In re Leopold to Unseal Certain Elec. Surveillance Applications & Ords.*, 964 F.3d 1121, 1127 (D.C. Cir. 2020); *see also, e.g.*, *In re Press & Pub. Access to Video Exhibits in Capitol Riot Cases*, No. MC 21-46 (BAH), 2021 WL 1946378, at *4 (D.D.C. May 14, 2021) (video exhibits in Capitol Cases "are undoubtedly judicial records to which the presumption of public access attaches"). Likewise, "public access to criminal trials forms the core" of the First Amendment right to a public trial in all criminal prosecutions. *In re Press Coal.'s Motion for Access to Video Exhibits & to Set Aside Standing Ord. No. 21-28*, 2021 WL 2894647, at *5 (citation omitted).

18.     That presumption is incontestable where, as here, the requested judicial records were submitted at trial. *See, e.g.*, *Craig v. Harney*, 331 U.S. 367, 374 (1947) ("A trial is a public event. What transpires in the court room is public property."); *In re Time Inc.*, 182 F.3d 270, 271 (4th Cir. 1999) ("A First Amendment right of access applies to a criminal trial, including documents submitted in the course of a trial.").

19.     The public interest in the Trial Exhibits is even greater in this case, which concerns the Attack. Indeed, the Standing Order recognizes the "significant public . . . interest" in the Capitol Cases. Standing Order at 2. The Trial Exhibits "are not just important evidence in individual criminal proceedings but are vital evidence of what happened on January 6 when rioters stormed the U.S. Capitol grounds and building." *In re Press Coal.'s Motion for Access to Video Exhibits & to Set Aside Standing Ord. No. 21-28*, 2021 WL 2894647, at *7.

20.     Thus, this Court has granted non-parties the ability to access and download exhibits in several Capitol Cases. *See* Order, *United States v. Wickersham*, 21-cr-606 (D.D.C. June 29, 2022), Dkt. 33 (Lamberth, J.); *United States v. Munchel*, 567 F. Supp. 3d 9, 16 (D.D.C. 2021) (Lamberth, J.) (granting access to video exhibits and noting, "there is an independently strong public interest in the *legal significance* of these videos."); Minute Order, *United States v. Cua*, No. 21-cr-107 (D.D.C. May 15, 2023) (granting these Applicants' request for trial exhibits); Minute Order granting 136 Motion to Access Trial Exhibits, *United States v. Egtvedt*, No. 21-cr-177 (D.D.C. June 5, 2023) (same); Order on Application for Access to Trial Exhibits, *United States v. Rhodes*, No. 22-cr-15 (D.D.C. June 20, 2023), Dkt. 637 (same).

21.     Accordingly, the requested Trial Exhibits are a matter of public record and should be made readily available to Applicants.

## CONCLUSION

For the foregoing reasons, Applicants request that the Court order the Government to allow Applicants to access and download the Trial Exhibits through an electronic drop box. Undersigned counsel has conferred on this motion with Defendant Hostetter, who is *pro se*, his advisory counsel, and counsel for the United States. Advisory counsel noted that Defendant Hostetter is proceeding pro se, but that she would object if the court sought her position. Mr. Hostetter has not responded to undersigned counsel's September 27, 2023 email. Counsel for the United States takes no position on this motion.

Dated: September 29, 2023                  Respectfully submitted,

                                           */s/ Edward G. Caspar*
                                           Edward G. Caspar, D.C. Bar No. 1644168
                                           Lawyers' Committee for Civil Rights Under Law
                                           1500 K St. NW, Suite 900
                                           Washington, DC 20005
                                           (202) 662-8390
                                           ecaspar@lawyerscommittee.org

                                           ***Counsel for Applicants***